IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOWARD HOFELICH, dba H. ISABELLE McGARRY TRUST OF MARCH 19, 1971, | ) ) ) | CIVIL NO. 07-00489 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT |
| vs. | ) ) ) | |
| STATE OF HAWAII; STATE OF CALIFORNIA; UNITED STATES COAST GUARD VESSEL DOCUMENTATION CENTER; DEPARTMENT OF PUBLIC SAFETY; HAWAII COUNTY SHERIFFS DEPARTMENT; DAVID LACY; JUDGE RONALD IBARRA; STEVE WHITTAKER; DAVID KAAPU; RICH NORTON; ERIC NORTON; DENNIS KRUEGER; HON. RICHARD C. CLINE; HON. ROBERT DAHLQUIST; HON. RICHARD HARRIS, et al. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DISMISSING COMPLAINT

I.      INTRODUCTION AND BACKGROUND FACTS.

        Despite the passion with which he is pursuing his

claims, Plaintiff Howard Hofelich is not entitled to relief from

this court.  This case involves, in essence, appeals from

decisions by the state courts of Hawaii and California.  On

September 24, 2007, Hofelich, proceeding pro se, filed a lengthy

and confusing Complaint.  The court gleans from that pleading

that a judgment was entered against Hofelich for $83,730.77 after

a jury trial in California and that that judgment was enforced in

the Circuit Court of the Third Circuit, State of Hawaii.  See

Complaint, Ex. E (Sheriff's Certificate of Purchase); Complaint
¶ 49 ("In 1997, the State of California issued a vile and
poisonous judgment against HOFELICH").

A Hawaii sheriff was apparently directed to levy upon
Hofelich's property and to sell that property at public auction.
See Complaint, Ex. E.  On or about February 26, 1999, a State of
Hawaii sheriff seized Hofelich's property pursuant to the Hawaii
State Court's order.  See Complaint ¶¶ 51, 52.

Hofelich says that the sheriff abandoned the seized
property, allowing it to be looted.  See, Complaint ¶ 52.
Hofelich alleges that he was unable to do anything about the
looting because he was, at that time, deployed on a military
submarine.  Id.

The sheriff says that the property was sold on August
24, 2000, for a total of $91,000.00.  See Complaint, Ex. E.
Hofelich says this was a "mock" auction and that Judge Ronald
Ibarra deliberately prevented the public from bidding on the
property and conspired to steal all of Hofelich's property
through that sale.  Id. ¶¶ 52, 64.

Hofelich's Complaint states that he "intends to demand
judicial recovery of his titled property unlawfully seized and
spirited away, all the way to the Supreme Court of the United
States if necessary."  Id. ¶ 98.

The State of Hawaii and the United States Coast Guard Vessel documentation center have filed motions to dismiss.  The State of California has also filed a motion to dismiss, set for hearing on February 4, 2008.  Because Hofelich's Complaint essentially seeks a reversal of the California judgment and the Hawaii court's enforcement of that judgment, the court does not wait for the hearing on that motion or any other motion another Defendant may file, instead here dismissing the Complaint in its entirety pursuant to the Rooker-Feldman doctrine.  Eleventh Amendment immunity also bars Hofelich's money damages claims against the states.

It may well be that Hofelich has a viable claim that was not articulated in his lengthy Complaint with sufficient clarity to place anyone on notice of that claim.  Accordingly, the court grants Hofelich leave to file an amended complaint, although Hofelich may not reassert claims arguing that entry of any California or Hawaii judgment, order, or writ was improper.

II.     LEGAL STANDARDS.

A.     Rule 12(b)(1) Standard.

Effective December 1, 2007, Rule 12(b)(1) of the Federal Rules of Civil Procedure has been amended to state: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of

subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1)
(effective Dec. 1, 2007). "The language of Rule 12 has been
amended as part of the general restyling of the Civil Rules to
make them more easily understood and to make style and
terminology consistent throughout the rules. These changes are
intended to be stylistic only." Rule 12 Advisory Committee
Notes, 2007 Amendments. Because no substantive change in Rule
12(b)(1) was intended, the court interprets the new rule by
applying precedent related to the prior version of Rule 12(b)(1).

A motion to dismiss for lack of subject matter
jurisdiction under Rule 12(b)(1) may either attack the
allegations of the complaint as insufficient to confer upon the
court subject matter jurisdiction, or attack the existence of
subject matter jurisdiction in fact. Thornhill Publ'g Co. v.
Gen, Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).
When the motion to dismiss attacks the allegations of the
complaint as insufficient to confer subject matter jurisdiction,
all allegations of material fact are taken as true and construed
in the light most favorable to the nonmoving party. Fed'n of
African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207
(9th Cir. 1996). When the motion to dismiss is a factual attack
on subject matter jurisdiction, however, no presumptive
truthfulness attaches to the plaintiff's allegations, and the
existence of disputed material facts will not preclude the trial

4

court from evaluating for itself the existence of subject matter jurisdiction in fact.  <u>Thornhill</u>, 594 F.2d at 733.  The State of Hawaii's motion to dismiss is a facial attack on this court's subject matter jurisdiction.

       B.    <u>Rule 12(b)(6).</u>

       Like Rule 12(b)(1), Rule 12(b)(6) of the Federal Rules of Civil Procedure has been amended effective December 1, 2007. It now states:  "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."  As noted above, the advisory committee notes to the 2007 amendments indicate that the "changes are intended to be stylistic only."  Rule 12 Advisory Committee Notes, 2007 Amendments.  Accordingly, the court interprets the new rule by applying precedent related to the prior version of Rule 12(b)(6).

       Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988, <u>as amended by</u> 275 F.3d 1187 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for

summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell, 266 F.3d at 988.

6

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).  A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitations.  <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976).

III.     THE CLAIMS ASSERTED IN COUNTS 1, 2, 3, 6, AND 7 ARE
         <u>BARRED BY THE ROOKER-FELDMAN DOCTRINE.</u>

The present action is an attempt by Hofelich to have this court review California and Hawaii court decisions.  As a general principle, this court may not exercise appellate jurisdiction over state court decisions.  <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-86 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>Wolfe v. George</u>, 486 F.3d 1120, 1124 n.3 (9th Cir. 2007) ("The <u>Rooker-Feldman</u> doctrine generally bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'" (quoting <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1139 (9th Cir. 2004)).  This rule, commonly known as the <u>Rooker-Feldman</u> doctrine, provides that:

> a losing party in state court is barred from
> seeking what in substance would be appellate
> review of the state judgment in a United
> States District Court, based on the losing
> party's claim that the state judgment itself
> violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting

Johnson v. DeGrandy, 512 U.S. 997, 1005 (1994)).

"The Rooker-Feldman doctrine . . . is confined to . . .

cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review

and rejection of those judgments."  Exxon Mobil Corp. v. Saudi

Basic Indus. Corp., 544 U.S. 280, 284 (2005).  It divests federal

district courts of jurisdiction to conduct a direct review of

state court judgments even when a federal question is presented.

Allah v. Superior Ct. of State of Cal., 871 F.2d 887, 891 (9th

Cir. 1989); Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987)

("Federal district courts, as courts of original jurisdiction,

may not serve as appellate tribunals to review errors allegedly

committed by state courts").  Jurisdiction is lacking even if the

state court decision is challenged as unconstitutional.  Feldman,

460 U.S. at 486; Branson v. Nott, 62 F.3d 287, 291 (9th Cir.

1995) ("As courts of original jurisdiction, federal district

courts have no authority to review the final determinations of a

state court in judicial proceedings.  This is true even when the

challenge to a state court decision involves federal constitutional issues." (citations omitted)).

Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court. See Feldman, 460 U.S. at 482-83; Bennett, 140 F.3d at 1223 (noting that the rationale behind the Rooker-Feldman doctrine "is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

The Rooker-Feldman doctrine does not apply to a "general constitutional challenge"--one that does not require review of a final state court decision in a particular case. See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). The distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle and difficult to make. If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then a plaintiff is essentially asking this court to review the state court's decision, which this court may not do. Id.

In the present action, Hofelich seeks what is, in essence, a reversal of the California judgment and the Hawaii court decision to enforce that judgment by ordering a Hawaii sheriff to seize and sell Hofelich's property. Although Hofelich

raises federal and constitutional issues in his Complaint, he is clearly asking this court to sit as an appellate court on the state-court decisions.  This court lacks subject matter to do so.

A.   Count 1.

Count 1 of Hofelich's Complaint appears to assert that California unlawfully exercised jurisdiction over Hofelich in the California state court suit against him and that Hawaii unlawfully enforced a judgment arising out of that California suit.  See Complaint ¶ 101.  This is exactly the type of claim that the Rooker-Feldman doctrine bars, as the claim seeks to have this court review the California and Hawaii court decisions. See, e.g., MacKay v. Pfeil, 827 F.2d 540, 545 (9th Cir. 1987) (Rooker-Feldman bars federal claim that an Alaska court wrongly determined that it had personal jurisdiction over plaintiff).

Although Hofelich asserts that fraud was committed in the underlying state court decisions, this court lacks jurisdiction over such fraud claims.  Exercising jurisdiction over such claims would be tantamount to exercising jurisdiction over an appeal of the state-court decisions, as those claims are "inextricably intertwined" with the merits of the state-court proceedings such that this court cannot resolve the fraud claims without calling into question the state-court decisions.  See Napolitano, 252 F.3d 1026, 1029;  Dickerson v. Bates, 287 F. Supp. 2d 1251, 1255 (D. Kan. 2003) ("even where, as here, the

10

plaintiff does not expressly seek to overturn the state court judgment, but complains instead about the procedures used to obtain that judgment, it is impossible for the federal court to resolve such claims without calling into question the state court judgment and violating <u>Rooker-Feldman</u>.  Clearly, this court cannot resolve plaintiff's claim that the garnishment order was obtained through fraud without essentially reviewing the order itself." (citation omitted)), <u>aff'd</u> 104 Fed. Appx. 699 (10th Cir. 2004).

To the extent Count 1 asserts a claim under 42 U.S.C. § 1983,[1] arguing that various Defendants, including California,

---

[1]In 42 U.S.C. § 1983, Congress provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Hawaii, and the United States Coast Guard Vessel Documentation Center, violated Hofelich's Fourth Amendment right to be secure in his property by failing to ensure proper jurisdiction over Hofelich in the underlying California suit, that claim is also barred by the Rooker-Feldman doctrine.[2]  Such a claim also amounts to an appeal of state court decisions to this court, rather than an appeal through the proper state-court appellate system.  See Mothershed v. Justices of Supreme Court, 410 F.3d 602, 607-08 (9th Cir. 2005) ("Mothershed's claims premised upon the alleged absence of a summons directing him to appear at the Arizona disciplinary hearing are likewise barred by the Rooker-Feldman doctrine because these claims constitute a particularized challenge to the Arizona disciplinary proceedings' results.  The district court therefore correctly concluded that it lacked subject matter jurisdiction over Mothershed's § 1983 and state

---

[2]Although Hofelich's Complaint does not allege any wrongdoing on the part of the United States Coast Guard Vessel Documentation Center, Hofelich says that it should be held accountable for the wrongs he suffered because it allowed title to a vessel to be transferred pursuant to a Hawaii court order.  See Motion to Strike (Nov. 20, 2007) at 6 (arguing that the United States Government facilitated the alleged unlawful conversion of Hofelich's property and failed to protect him from the loss of his property).  That claim seeks to hold the United States Coast Guard Documentation Center liable for following a state-court order transferring title to a vessel.  Any challenge to the federal government's transferring of title is "inextricably intertwined" with the validity of the underlying state-court orders.  Accordingly, the Rooker-Feldman doctrine bars any potential claim Hofelich has against the federal government.

law tort claims against the Arizona defendants, all of which are premised upon his failure to receive a summons.").

To the extent Hofelich asserts in Count 1 that RICO violations were committed when a California court entered judgment against Hofelich and when a Hawaii court enforced that judgment (involving predicate acts of alleged violations of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341-43), those claims are also barred by the Rooker-Feldman doctrine. See Dickerson, F. Supp. 2d at 1255 (holding that the Rooker-Feldman doctrine barred a federal court RICO claim when that claim was inextricably intertwined with the underlying state court judgment).[3]

At the hearing on the present motions, the court asked Hofelich to identify any claim he may have that is not inextricably intertwined with the merits of the underlying state court decisions. Although Hofelich said that all of his claims were not so intertwined, his own statements indicate otherwise.

_____

[3]Although Hofelich claims to be bringing a civil RICO claim, his allegations appear tantamount to direct claims for criminal activity. There is no private right of action for a direct violation of the federal mail and wire fraud statutes. See Wilcox v. First Interstate Bank of Oregon, N.A., 815 F.2d 522, 533 (9th Cir. 1987) ("federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341"); Am. Gen. Life & Acc. Ins. Co. v. Ward, 509 F. Supp. 2d 1324, 1335 (N.D. Ga. 2007) ("The federal mail and wire fraud statutes do not, in and of themselves, create a private right of action.").

He clearly is asking this court to conduct appellate review of the California and Hawaii court decisions.

Although not every Defendant has moved for dismissal of Count 1, the court nevertheless dismisses it in its entirety for lack of jurisdiction.  Each allegation in Count 1 seeks appellate review of the underlying state-court decisions.

B.   Count 2.

Count 2 of Hofelich's Complaint asserts a violation of RICO, 18 U.S.C. §§ 1962, 1964.[4]  Hofelich alleges that California unlawfully used its long-arm statute and improperly enforced a lease against him in favor of a fictitious entity.  See Complaint ¶ 105.  Hofelich alleges that California, after the jury verdict, "tampered with the jury exhibit book," making it unavailable for use during Hofelich's appeal of the California decision.  Id. ¶ 106.  Hofelich then alleges that various attorneys and a sheriff of the state of Hawaii collaborated with his judgment-creditor to unlawfully collect on the California debt by levying on and selling his property.  Id. ¶ 108.  Hofelich argues that the California courts should not have entered judgment against

---

[4]To prevail on his civil RICO claims, Hofelich must prove that Defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) and, additionally, must establish that (5) Defendants caused injury to Hofelich's business or property.  See Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086-87 (9th Cir. 2002); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996); see also 18 U.S.C. §§ 1962(c), 1964(c).

him because, under California law, the judgment creditor was conducting business under a fictitious name.  Id. ¶ 113.

For the reasons set forth above, Count 2 is barred by the Rooker-Feldman doctrine.  This court cannot adjudicate the RICO claims asserted in Count 2 without questioning the validity of the underlying state-court judgments and orders.  See Dickerson, F. Supp. 2d at 1255 (barring RICO claim under Rooker-Feldman doctrine).  Hofelich himself recognizes that this claim is barred by the Rooker-Feldman doctrine.  See Complaint ¶ 114 ("PLAINTIFF pleas that the STATES not be allowed to escape violation of the constitution by a backdoor judicial use of Rooker Feldman Doctrine.").  This court has no discretion to adjudicate claims barred by the Rooker-Feldman doctrine. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) ("If a plaintiff brings a de facto appeal from a state court judgment, Rooker-Feldman requires that the district court dismiss the suit for lack of subject matter jurisdiction.").  Like Count 1, Count 2 is dismissed in its entirety.

C.   Count 3.

Count 3 of the Complaint appears to assert that, when the California courts entered judgment against Hofelich, and when the Hawaii courts enforced that judgment, various Defendants violated the Servicemembers Civil Relief Act of 2003, 50 U.S.C. § 501-596.  See Complaint ¶ 115.  At the hearing on the present

15

motions, Hofelich rattled off a series of sections of that Act
that he says were violated by the state court proceedings.  Each
of those sections pertains to rights that Hofelich could have
asserted in the state court proceedings.  None of those sections
allows Hofelich to file the present action to undo the state-
court judgments.  Accordingly, the Rooker-Feldman doctrine also
bars Count 3.

D.   Counts 6 and 7.

Counts 6 and 7 assert that Defendants forged and
falsified documents, causing the California court to enter an
improper judgment against Hofelich.  To the extent Counts 6 and 7
attempt to undo the California judgment and the execution on that
judgment by the Hawaii courts, those counts are barred by the
Rooker-Feldman doctrine as set forth above.  Hofelich may not
maintain an action to hold attorneys and judges involved in the
underlying cases "accountable" for allowing a fictitious company
to obtain and enforce a judgment against Hofelich.  See Complaint
¶¶ 125, 127, 129-35.  Hofelich is essentially asking this court
to reverse the California and Hawaii courts.  But any decision as
to the propriety of the various individuals' conduct would be
inextricably intertwined with the merits of the underlying state
court litigation.  This court lacks jurisdiction over such
claims.  See Napolitano, 252 F.3d at 1029.

16

IV.      HAWAII AND CALIFORNIA HAVE ELEVENTH AMENDMENT IMMUNITY
         FROM THE CLAIMS FOR MONEY DAMAGES ASSERTED IN THE
         COMPLAINT.

With respect to Defendants who are state actors,

Rooker-Feldman is not the only jurisdictional bar to Hofelich's

claims.  Under the Eleventh Amendment, a state is immune from

suit brought in federal court by her own citizens or citizens of

other states.  Papasan v. Allain, 478 U.S. 265, 275 (1986);

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99

(1984).  States are therefore immune from suits for private

damages or for injunctive relief.  Savage v. Glendale Union High

Sch., Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 (9th

Cir. 2003).  Federal court actions against agencies or

instrumentalities of a state are also barred by the Eleventh

Amendment.  Shaw v. State of Cal. Dept. of Alcoholic Beverage

Control, 788 F.2d 600, 603 (9th Cir. 1986).  A suit against state

officials, in their official capacities, is the same as a suit

against the state itself and therefore is subject to the Eleventh

Amendment.  Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

Unless the state unequivocally waives sovereign

immunity or Congress exercises its power under the Fourteenth

Amendment to override the immunity, the state, its agencies, and

its officials (acting in their official capacities) are immune

from suit under the Eleventh Amendment.  Will v. Michigan Dept.

of State Police, 491 U.S. 58, 66 (1989); Pennhurst, 465 U.S. at

99.  Eleventh Amendment Immunity prevents this court from ordering state actors to comply with state law.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).  Accord Ashker v. California Dept. of Corrections, 112 F.3d 392, 394 (9th Cir. 1997); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991).

Eleventh Amendment immunity can be waived.  See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1991); ITSI TV Prods., Inc. v. Agric. Assocs., 3 F.3d 1289, 1291-92 (9th Cir. 1993); Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 760, as amended, 201 F.3d 1186 (9th Cir. 1999).  However, both Hawaii and California have asserted Eleventh Amendment immunity in their respective motions to dismiss.  Hawaii and California have not waived their Eleventh Amendment immunity from Hofelich's claims for monetary damages.

Styling his claims as falling under § 1983 (in Count 1) or RICO (in Count 2) does not save the claims.  Neither claim seeks prospective injunctive relief from Hawaii or California, so both are barred.  See Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) ("state officials sued in their official capacities, including university officials, are not "persons" within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity"); Bair v. Krug, 853 F.2d 672, 674-75

(9th Cir. 1988) (RICO does not override a state's sovereign immunity under the Eleventh Amendment).

Quite apart from violations of the specificity requirement of Rule 9(b) of the Federal Rules of Civil Procedure, neither Hawaii nor California has waived its sovereign immunity with respect to Hofelich's vague fraud allegations. <u>See</u> <u>Hofelich v. United States</u>, 2006 WL 3841812, *3 (S.D. Ill., Dec. 12, 2006) ("Although a state may elect to waive its Eleventh Amendment immunity regarding certain causes of action, it is not apparent that Hawaii, California, or Illinois has done so regarding Hofelich's numerous and undefined allegations of fraud."). Hawaii and California therefore have Eleventh Amendment immunity from the fraud-based claims asserted in the Complaint.

V.      COUNTS 4 AND 5 FAIL TO ALLEGE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

Counts 4 and 5 fail to allege claims upon which relief can be granted.  For example, Count 4 asserts a violation of a criminal mail fraud statute, 18 U.S.C. § 1341, which states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do,

> places in any post office or authorized
> depository for mail matter, any matter or
> thing whatever to be sent or delivered by the
> Postal Service, or deposits or causes to be
> deposited any matter or thing whatever to be
> sent or delivered by any private or
> commercial interstate carrier, or takes or
> receives therefrom, any such matter or thing,
> or knowingly causes to be delivered by mail
> or such carrier according to the direction
> thereon, or at the place at which it is
> directed to be delivered by the person to
> whom it is addressed, any such matter or
> thing, shall be fined under this title or
> imprisoned not more than 20 years, or both.
> If the violation affects a financial
> institution, such person shall be fined not
> more than $1,000,000 or imprisoned not more
> than 30 years, or both.

As noted above, there is no private right of action for a violation of § 1341. See Wilcox v. First Interstate Bank of Oregon, N.A., 815 F.2d 522, 533 (9th Cir. 1987) ("federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341"). Accordingly, Count 4 is dismissed pursuant to Rule 12(b)(6).

Count 5 also asserts a violation of a criminal statute, 18 U.S.C. § 1342 (mail fraud), which states:

> Whoever, for the purpose of conducting,
> promoting, or carrying on by means of the
> Postal Service, any scheme or device
> mentioned in section 1341 of this title or
> any other unlawful business, uses or assumes,
> or requests to be addressed by, any
> fictitious, false, or assumed title, name, or
> address or name other than his own proper
> name, or takes or receives from any post
> office or authorized depository of mail
> matter, any letter, postal card, package, or
> other mail matter addressed to any such

> fictitious, false, or assumed title, name, or address, or name other than his own proper name, shall be fined under this title or imprisoned not more than five years, or both.

As with § 1341, there is no private right of action for violations of § 1342. See Uhre v. Emmett A. Larkin Co., 205 F. Supp. 2d 475, 478 (D. Md. 2002) (dismissing mail fraud claim brought under § 1342 because there is no private right of action under that criminal statute). Accordingly, Count 5 is dismissed pursuant to Rule 12(b)(6).

VI.     ABSOLUTE JUDICIAL IMMUNITY.

The court notes that Hofelich's Complaint appears to be asserting causes of action against various judges who ruled against him. No judge has yet moved for dismissal of the claims asserted in the Complaint. However, because the court is giving Hofelich leave to amend his Complaint, the court notes for his benefit that the judges have absolute judicial immunity from those claims. According to the Supreme Court, "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-4 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damage . . . [and] is not overcome by allegations of bad faith or malice . . . ." Mireless v. Waco, 502 U.S. 9, 11 (1991). Accordingly, in any amended complaint filed by Hofelich, he should reconsider whether he can

21

sue various judges based on their rulings, as those claims will likely be dismissed.

VII.     CONCLUSION.

As set forth above, the court dismisses Hofelich's Complaint.  This order disposes of all pending motions, including motions to dismiss not yet orally argued.  In effect this order grants all pending motions to dismiss.  All of Hofelich's motions to strike dismissal motions and his motion for default judgment are denied.  The court grants Hofelich leave to file a document titled "Amended Complaint" no later than January 14, 2008, to assert claims not barred by the Rooker-Feldman doctrine or Eleventh Amendment immunity.  Any "Amended Complaint" must be a document complete in itself.  It may not simply refer to language in the original Complaint without repeating it.  If Hofelich fails to file an "Amended Complaint" by January 14, 2008, the Clerk of Court shall automatically enter judgment in favor of Defendants.  The court urges Hofelich to consider hiring an attorney to represent him in this matter.  As the court noted at the hearing, there are attorneys who represent clients without

charging fees.  If there is a valid claim that is not barred by time, immunity, or any other factor, an attorney may help to identify it.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 13, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Hofelich v. State of Hawaii, Civ. No. 07-00489 SOM/KSC; ORDER DISMISSING COMPLAINT